IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-10103-01-WEB |
| ) | |
| MANUEL A. ROACH, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum and Order**

This matter came before the court on October 22, 2007 for a hearing on pending motions. The court heard arguments from the parties and orally ruled on the motions at the hearing. This written order will supplement the court's oral rulings.

I. *Defendant's Motion to Suppress*.

Defendant moves to suppress evidence found pursuant to a search warrant executed on May 1, 2007, at a residence located at 1441 N. Minneapolis. The warrant was issued by U.S. Magistrate Judge Donald Bostwick, and was based upon a 116-page affidavit by Ron Goodwyn, a member of the Sedgwick County Sheriff's office assigned to work with a joint Gang Task Force.

The affidavit contained an extensive review of gang activity in Wichita and identified 33 individuals, including the defendant, as members of the Wichita Crips street gang and its affiliates. The affidavit contained a summary of allegations made by three cooperating witnesses, each of whom was allegedly a documented gang member. According to the affidavit, these CI's provided extensive details about the operation of the Crips, including details of the

gang's involvement in theft, prostitution, drug trafficking, money laundering, assaults, weapons violations, robberies, attempted murder, and murder. The information included identification of numerous gang leaders and gang members. Defendant Roach was not among the individuals specifically identified by the informants, although the affidavit alleges that the Wichita police identified him as a member of the Neighborhood Crips, a subset of the Crips street gang. The affidavit summarized over 500 Wichita police department cases from 1990-2007 involving suspected gang members and/or gang activity. The affidavit recounted approximately 23 cases or incidents involving the defendant Manuel Roach between September 1993 and June 2006. It includes allegations which, if true, show that the defendant was a Crips gang member who frequently associated with individuals identified as gang members by the WPD from 1993-2006; that he was found by the police in possession of firearms on numerous occasions; that he was found on more than one occasion in possession of or in close proximity to marijuana or crack cocaine; that he was involved in several gang-related shootings and fights, including an incident in September of 2002 when he pled guilty to aggravated battery and unlawful possession of a firearm, which arose out of a fight between Crip and Blood gang members; that he was observed with known gang members at residences identified by the police as gang hang outs; and that he admitted on more than one occasion to being involved with the gang.

     The affidavit alleges there is probable cause to believe that the individuals identified as gang members in the affidavit are engaged in an ongoing and continued pattern of violation of various federal laws, including laws relating to narcotics, criminal street gangs (18 U.S.C. § 521), felons in unlawful possession of firearms, carrying firearms in furtherance of drug trafficking, money laundering, racketeering, and criminal forfeiture. The affidavit also identifies

the evidence sought by the warrant as a wide array of items relevant to the foregoing offenses, including narcotics and records relating thereto; income tax records; records relating to credit cards and money orders; large sums of currency; firearms and ammunition; telephones and telephone records; photographs and letters establishing relationships between Crip gang members; documents relating to living expenses; and gang paraphernalia and clothing worn by Crip members including University of North Carolina items such as blue hats, jackets, bandanas and shirts. Paragraph 2 of the affidavit avers that the Wichita police verified through a check of numerous sources that the 33 individuals listed, including the defendant, lived at the addresses set forth in the affidavit. The affidavit sought a warrant to search the residences listed, including 1441 N. Minneapolis, for the items of evidence identified above.

Defendant's motion to suppress argues the search warrant was invalid because the affidavit failed to show probable cause that evidence of a crime would be found in the residence at 1441 N. Minneapolis. Defendant first argues the affidavit failed to show that he lived at the residence. Although the affidavit states that Wichita Police officers verified his address, he argues this was insufficient because it was not supported by any specific or objective evidence. He also points out that the residence at 1441 Minneapolis is not otherwise mentioned in the affidavit, except as a target of the search. Defendant also argues the affidavit failed to show that he was an active gang member at the time of the search. He points out that none of the CI's in the affidavit identified him as a gang member. He says 12 out of the 23 incidents cited in the affidavit relating to him occurred more than ten years ago and are "mere fossils." He says the information put forth might show that he was a gang member ten years ago, but would not lead a reasonable person to conclude that he was still a gang member at the time of the search.

In determining whether there was probable cause to issue a search warrant, this court gives "great deference" to the decision of the issuing magistrate. *United States v. Sims*, 428 F.3d 945, 954 (10th Cir.2005). The court reviews only to determine whether the magistrate had a "substantial basis" for finding probable cause.  This deferential standard of review is appropriate to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant. *Massachusetts v. Upton*, 466 U.S. 727, 733 (1984).  This court must keep in mind that the magistrate's task was merely to make "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Sims*, 428 F.3d at 954.

Under this standard, the court finds the Magistrate had a substantial basis for finding probable cause.  As an initial matter, the Magistrate had a reasonable basis for concluding that the defendant in fact resided at the Minneapolis residence.  Paragraph 2 of the affidavit states that the police checked various sources, including utilities, driver's license records, police records, postal records, and conducted interviews or surveillance, before determining that the individuals listed – including the defendant – lived at the addresses given in the affidavit. Despite the absence of further detail, the affidavit does set forth a basis upon which a reasonable person could conclude that police verified the defendant's residence.  The court concludes that the averment in the affidavit is sufficient to support a reasonable belief that the defendant resided at 1441 N. Minneapolis.

The court also concludes the affidavit supports a reasonable belief that defendant was a still a gang member at the time of the search.  The affidavit shows that by 1993, the defendant was associating with gang members and was repeatedly involved in – or was at the scene of –

gang-related shootings or fights. The fact that he was apparently an intended victim on more than one occasion does not lessen the inference that he was a gang member. In fact, the opposite is true given that several of the shootings apparently involved actions by gang members who were rivals of the Crips. The affidavit documents the defendant's long-term association with Crip gang members and shows that he likely committed numerous serious offenses to further the goals of the gang. It shows he essentially admitted gang involvement on more than one occasion. It alleges that he was seen at a known Crip hangout in July of 2005 in the presence of numerous other known gang members. He allegedly admitted his gang involvement in late 2005, and was seen associating with a known gang member in June of 2006. Defendant argues the information is "stale." By itself, the information relating solely to the defendant Roach might be considered stale, given that the last incident cited occurred approximately ten months before the search of his residence. *Cf. United States v. Jardine*, 364 F.3d 1200, 1205 (10th Cir. 2004) (taken alone, 8-month old information was likely stale). But the affidavit here not only cites a wealth of information showing a long-term course of conduct, it also shows a pattern of violations that reasonably imply the defendant's continuing association with an ongoing criminal enterprise. *Cf. United States v. Johnson*, 461 F.2d 285, 287 (10th Cir.1972) ("Where the affidavit recites a mere isolated violation it would not be unreasonable to imply that probable cause dwindles rather quickly with the passage of time. However, where the affidavit properly recites facts indicating activity of a protracted and continuous nature, a course of conduct, the passage of time becomes less significant."); *United States v. Delatorre*, ___ F.Supp.2d ___, 2007 WL 2608532 (N. D. Ill., Sep. 4, 2007) (probable cause was not stale although it was based on allegations more than a year old, in view of alleged racketeering and narcotics conspiracy that

spanned over 10 years). Taking all of the circumstances set forth as a whole, the affidavit supports a reasonable belief that the defendant was likely still involved with the Crips at the time of the search.

The Magistrate likewise had a substantial basis for concluding that evidence relating to the offenses specified in the affidavit would likely be found in the residence at 1441 N. Minneapolis. As the Government points out, several items of evidence sought by the warrant – such as particular items of clothing, letters, and documents relating to expenses and income – are the type of items most persons would be expected to keep in their residence, and which they would likely keep for an extended period of time. Taken as a whole, the affidavit provides a nexus between the defendant's residence and evidence pertaining to the crimes alleged in the affidavit. *Cf. United States v. $149,442.43 in United States Currency*, 965 F.2d 868, 874 (10th Cir. 1992) (the mere fact that an affidavit does not contain personal knowledge of illegal activity at the residence is not fatal to the determination of probable cause). Moreover, the defendant's extensive history with firearms and gang activity, as shown in the affidavit, provides a substantial basis for believing that unlawfully possessed firearms would likely be found in his residence. In sum, the court concludes that the Magistrate had a substantial basis for finding probable cause and issuing the warrant. Accordingly, the defendant's motion to suppress the evidence obtained from the search will be denied.

Finally, even if the affidavit could be considered lacking in probable cause, the court concludes that the search falls within the good faith exception of *United States v. Leon*, 468 U.S. 897 (1984) (evidence seized pursuant to a warrant issued by a neutral and detached magistrate later found invalid may still be admissible if the executing officer acted in objective good faith

and with reasonable reliance on the warrant).  The defendant argues the affidavit was lacking in probable cause,[1] but the Government has shown that reliance upon the warrant was objectively reasonable.  Given the extensive basis in the affidavit showing the defendant's long-term involvement in unlawful gang activity, as well as the basis shown to believe that evidence relating to an ongoing criminal enterprise would likely be found in the defendant's residence on Minneapolis, the affidavit was not so lacking as to render official belief in the existence of probable cause entirely unreasonable.  The officers' reliance upon the judge's determination of probable cause was objectively reasonable, and the evidence found in the search would not be suppressed even if the warrant were found to be invalid.  Accordingly, the defendant's motion to suppress is denied.

II.  *Motion in Limine*.

The Government argues that evidence of the defendant's gang affiliation should be admitted at trial to show the defendant's motive to possess a firearm and ammunition.  The Government says it anticipates the defendant will deny any knowledge that the firearm and ammunition were in the house, or will assert that they belonged to his girlfriend.  The Government says its witnesses would testify that gang members often possess firearms to protect themselves from attacks by rival gangs, and that such evidence, together with evidence of defendant's gang membership, will show that he had a motive to possess the gun, which makes it more likely that it was he who possessed the weapon.  It asks the court to determine that such

---

[1] The defendant has not claimed or cited any basis to suggest that the warrant was issued in reliance upon a deliberately or recklessly false affidavit, or that the magistrate abandoned his judicial role, or that the warrant was facially deficient for failing to particularize the place to be searched or the items to be seized.  *Cf. Leon*.

evidence is admissible.

Under Rule 404(b), evidence of other crimes, wrongs or acts is not admissible to show the defendant's character, but is admissible to show motive.  At this point, the court believes that evidence of the defendant's gang membership and activities may be relevant to show his motive to possess the firearm, and that the probative value of such evidence would likely not be outweighed by the danger of unfair prejudice.  *See e.g., United States v. Lloyd*, 71 F.3d 1256 (7th Cir. 1995).  If such evidence is admitted, the court will give the jury a limiting instruction as to how it may consider the evidence.

Of course, the Government will be required to establish an adequate foundation for the admission of any such evidence.  Additionally, the Government should promptly disclose to the defendant, if it has not already done so, the general nature of the Rule 404(b) evidence it intends to use at trial.  The defendant may assert an objection at trial to the introduction of any such evidence, and the court may re-consider the admissibility of such evidence at the time of trial, depending on the circumstances.  As of now, however, the court concludes that such evidence is likely admissible.

III.  *Conclusion*.

Defendant's Motion to Suppress Evidence (Doc. 27) is DENIED.  The Government's Motion in Limine (Doc. 16) is GRANTED IN PART as set forth above.   IT IS SO ORDERED this   23rd   Day of October, 2007, at Wichita, Ks.

                                                   s/Wesley E. Brown
                                                   Wesley E. Brown
                                                   U.S. Senior District Judge