IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07-10103-01-WEB |
| | ) | |
| MANUEL A. ROACH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>Memorandum and Order</u>**

This matter is before the court on the defendant's Motion for Judgment of Acquittal and Motion for New Trial.  (Docs. 39, 40).  The Government has filed its responses.  (Docs. 47, 48).  The court finds that oral argument would not assist in deciding the motions.  For the reasons stated herein, the motions will be denied.

I.  *<u>Motion for Judgment of Acquittal</u>*.

Defendant argues judgment of acquittal should be granted because no reasonable jury could find him guilty based on the evidence presented at trial.

Under Rule 29, the court "on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed.R.Crim.P. 29(a). In addressing such a claim, the court must look at the evidence in the light most favorable to the Government and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).   In so doing the court must consider the collective inferences to be drawn from the evidence as a whole. *United States v. Vallejos*, 421 F.3d 1119, 1122 (10th Cir.2005) (*citing*

*United States v. Wilson*, 107 F.3d 774, 778 (10th Cir.1997)).  Furthermore, "while the evidence supporting the conviction must be substantial and do more than raise a mere suspicion of guilt, it need not conclusively exclude every other reasonable hypothesis and it need not negate all possibilities except guilt." *Vallejos*, 421 F.3d at 1122.  If the Government's proof meets this standard, the court must defer to the jury's verdict. *Id*.

Under this standard, the evidence at trial was sufficient for a rational jury to find the defendant guilty.  The only element of the offenses really in dispute at trial was possession – that is, whether the defendant knowingly possessed the firearm, cocaine, and ammunition charged in the indictment.  The evidence at trial would permit a rational jury to conclude beyond a reasonable doubt that defendant constructively possessed these items.  The items were found in the residence of the defendant's girlfriend, in a closet of the same bedroom where the defendant was found sleeping with his girlfriend and her 6-year old son. Under or immediately adjacent to the baggie of crack cocaine found by officers in the closet of the bedroom was a receipt with the defendant's name on it.  A 9mm handgun was found a short distance from the crack cocaine.  Various items indicative of drug trafficking were found in the house, including plastic baggies, three sets of digital scales, and a plate containing a white residue and a razor blade.  The defendant's girlfriend testified she did not know about the gun, ammunition or the cocaine in the house and that these items did not belong to her.  She also testified that the defendant slept at her residence frequently, that he had a key, and that she did not allow other adults into the residence. Although there was other evidence at trial supporting an inference of the defendant's knowing possession of these items, the above evidence alone is sufficient to support the jury's verdict on the element of possession.  And the remaining evidence at trial was sufficient to allow a rational

jury to find the other essential elements of the offenses charged beyond a reasonable doubt. Accordingly, defendant's motion for judgment of acquittal is denied.

II. *Motion for New Trial*.

Rule 33 provides in part that upon a defendant's motion the court may grant a new trial "if the interest of justice so requires." A motion for a new trial is not regarded with favor and is only issued with great caution. *United States v. Trujillo*, 136 F.3d 1388, 1394 (10th Cir. 1998).

Defendant first argues that a new trial is warranted because the court improperly allowed the Government to introduce unlawfully seized evidence that should have been suppressed. The court rejects this argument for the same reasons stated in its ruling on the defendant's motion to suppress evidence.

Defendant's second argument is that the court erred by allowing Government witnesses to testify concerning the contents of a missing document. He refers to testimony by one or more officers that they found a receipt bearing the defendant's name under the baggie of crack cocaine in the closet. The receipt was photographed by officers at the time of the search but was apparently lost at some point thereafter and could not be produced for trial. The court allowed the officers who saw the receipt to testify at trial as to what they had seen on the receipt during the search. The court also admitted into evidence the photograph of the receipt. At least one of the officers testified that he read the receipt and saw that it was from Burger King and had the defendant's name on it. The court is not persuaded that this was error or that it warrants a new trial. Based on the testimony and the circumstances, the court concluded that the original document was lost, and there was no persuasive evidence that it was lost due to bad faith. As such, testimony from the witnesses as to the contents of the document and the photograph of the

document were admissible under Fed.R.Evid. 1004.  Moreover, even aside from the officer's testimony about what he saw on the receipt, there was strong evidence tying the defendant to the receipt based solely on the portion of the receipt visible in the police photograph.  A witness from Burger King confirmed that the defendant worked at the restaurant and that the receipt in the photograph appeared to be a printout available to Burger King employees to show how many hours they had worked.  Visible in the photograph was an apparent printout of hours worked and the first five letters of the defendant's name, "MANUE".  A jury would be hard-pressed to conclude that this was anything other than an employment receipt bearing the defendant's name.

Defendant claims a new trial is also warranted because the court allowed Government witnesses to testify about the defendant's gang affiliation.  Defendant has not shown that the admission of such evidence requires a new trial.  Evidence is admissible under Rule 404(b) if four factors are satisfied: (1) the evidence must be offered for a proper purpose; (2) it must be relevant; (3) its probative value must not be substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) the trial court must give a proper limiting instruction, if it is requested by the defendant.  *United States v. Moran*, 503 F.3d 1135, 1143-44 (10th Cir. 2007) (*citing Huddleston v. United States* 485 U.S. 681, 691-92 (1988)).  These elements were satisfied in this case.  The evidence concerning defendant's gang affiliation – which was relatively brief and based primarily on previous admissions by the defendant –  was offered for the relevant purpose of showing his motive to possess a firearm.  The probative value, in the court's view, was not outweighed by the danger of unfair prejudice, and the court gave a limiting instruction on its consideration of the evidence.  The court concludes that this evidence was admissible to enhance the jury's understanding of why the defendant had a motive to possess a firearm.  *Cf.*

*United States v. Lloyd*, 71 F.3d 1256, 1265 (7th Cir. 1995) (evidence of gang membership has probative value when intricately related to the facts of a case). Under the circumstances, defendant has shown no grounds for new trial. *See United States v. Butler*, 71 F.3d 243, 251 (7th Cir. 1995 (proof of gang membership that tended to explain possession of firearm was admissible); *United States v. Lloyd*, 71 F.3d 1256, (7th Cir. 1995) (gang evidence admissible to show motive to possess firearm); *United States v. Montgomery*, 390 F.3d 1013 (7th Cir. 2004); . *Cf. United States v. Robinson*, 978 F.2d 1554, 1562-63 (10th Cir. 1992) (prosecution connected gang membership to uncontroverted evidence that the main purpose of the Crips was to traffic in crack cocaine).

Defendant's next argument is that the court erroneously instructed the jury it could convict him based upon constructive possession of the firearm, ammunition and crack cocaine. Defendant does not explain why he thinks such an instruction was erroneous, but a constructive possession theory is clearly consistent with Tenth Circuit precedent and does not warrant a new trial. *Cf. United States v. Jameson*, 478 F.3d 1204, 1211-12 (10th Cir. 2007) (instruction on constructive possession was adequate).

Defendant's next argument for new trial is that it was against the interest of justice for the court to allow Laquisha Hughes to testify as a rebuttal witness for the Government. Again, defendant does not explain why this constituted error, nor has he shown why it would warrant a new trial.

Defendant's final argument for new trial is that the evidence admitted at trial was insufficient to support the jury's verdict. For the reasons stated above, however, the court finds the evidence was legally sufficient to support the verdict.

III. *Conclusion*.

Defendant's Motion for Judgment of Acquittal (Doc. 40) and Motion for New Trial (Doc. 39) are DENIED. IT IS SO ORDERED this   6th   Day of December, 2007, at Wichita, Ks.

s/Wesley E. Brown  
Wesley E. Brown  
U.S. Senior District Judge
