IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  07-10103-01-WEB |
| ) | |
| MANUEL A. ROACH, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum and Order**

This matter came before the court on January 28, 2008 for a sentencing hearing.  This written memorandum will supplement the court's oral rulings at the sentencing hearing.

I. *Background*.

The defendant Manuel Roach was convicted by a jury on all five counts of a Superseding Indictment:   Count 1 - unlawful possession of a firearm by a previously-convicted felon (18 U.S.C. § 922(g)(1); Count 2 - knowing possession of a firearm which had the serial number obliterated (18 U.S.C. § 922(k)); Count 3 - possession with intent to distribute approximately 2.03 grams of a mixture containing cocaine base (21 U.S.C. § 841(a)(1)); Count 4 - possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)(I)); and Count 5 - unlawful possession of ammunition by a previously-convicted felon (18 U.S.C. § 922(g)(1)).  A Presentence Report was prepared, which determined that the defendant qualified as a career offender under the federal sentencing guidelines, and that he was subject to an advisory sentencing guideline range of 360 months to life imprisonment.

The defendant filed no objections to the Presentence Report, but he filed a Sentencing

Memorandum arguing that the factors in 18 U.S.C. § 3553(a) warranted a sentence below the advisory guideline range. Defendant's memorandum argued there was no evidence that he threatened anyone with the firearm found at his girlfriend's house; that there was no proof that he engaged in any drug transactions or that he had any large sums of money; and there was no evidence that he was still a member of the Crips street gang. Defendant further argued he was gainfully employed at the time of the offense, that he was paying his court costs, and that he was remaining drug-free. He also noted that he is 29-years old and has 2 minor children, and he has the support of his parents. He argued that a sentence of 10 years would comply with the purposes of sentencing in Section 3553.

II. *Sentencing*.

Section 3553(a) provides in part that the court shall impose a sentence sufficient, but not greater than necessary, to comply with the following purposes: -the need for the sentence imposed– (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. In doing so, the court must consider the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the purposes of sentencing set forth above; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the offense under the applicable sentencing guidelines; (5) any pertinent policy statement issued by the Sentencing Commission (6) the need to avoid unwarranted sentence disparities among defendants with

similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

After considering all of the foregoing factors, including the advisory range of 360 months to life, the court concluded that a controlling sentence of 240 months imprisonment was sufficient, but not greater than necessary, to comply with the purposes of sentencing in Section 3553(a). The court notes that the instant offenses, although serious, would not ordinarily warrant such a significant sentence, but the defendant's extensive criminal history, and the serious and sometimes violent nature of that history, warrants the controlling sentence of 20 years. The court finds that such a sentence will provide for just punishment and protect the public by removing the defendant from society for a significant period of time, while reflecting the seriousness of the offense and taking into account the defendant's history and characteristics. The sentence will also allow the defendant an opportunity to take advantage of educational programs available in an institutional setting, if he is inclined to pursue them.

The court notes there was an error in the Presentence Report -- and in the sentence orally stated by the court – that should be corrected in the judgment and sentence filed in this case.[1] The PSR incorrectly indicated that the maximum possible sentence of imprisonment on Count 2 of the Superseding Indictment was 10 years, when in fact the conviction on this count carried a maximum possible penalty of 5 years imprisonment, as provided for in 18 U.S.C. § 924(a)(1)(B). The error has no effect on the sentence except that the term of imprisonment on Count 2 should be limited to 5 years. The controlling sentence will remain 20 years.

---

[1] The source of the error appears to Count Two of the Superseding Indictment, which incorrectly referred to the penalty provision in § 924(a)(2) instead of § 924(a)(1)(B).

With this correction, the judgment and sentence should reflect the following: the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of 120 months on each of Counts 1, 3 and 5, and to a term of imprisonment of 60 months on Count 2, with each of the foregoing counts to run concurrent with one another.  The defendant is to be imprisoned for a term of 120 months on Count 4, said term to run consecutive to all other counts. All of the other terms of the sentence stated by the court at the sentencing hearing remain the same.

III.  *Conclusion*.

The defendant's request for a variance is GRANTED IN PART. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.  IT IS SO ORDERED this   28th   Day of January, 2008, at Wichita, Ks.

        s/Wesley E. Brown
        Wesley E. Brown
        U.S. Senior District Judge