IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,         )
                                  )
         Plaintiff / Respondent,  )
                                  )
   v.                             )   Case No. 07-10103-WEB
                                  )             10-1433
MANUEL ROACH,                     )
                                  )
         Defendant / Petitioner.  )

MEMORANDUM AND ORDER

Manuel Roach filed a Motion to Vacate, Correct or Set Aside Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 79). For the reasons set forth below, petitioner's motion is denied.

I. Facts

The following facts are adopted from petitioner's direct appeal. United States v. Roach, 582 F.3d 1192 (10th Cir. 2009).

Roach was arrested after police executed a search warrant at his girlfriend's residence and found a firearm, ammunition, and 2.03 grams of crack cocaine. The search warrant identified the petitioner as a former member of the Crips, and petitioner was identified in twenty-five of more than 500 listed incidents. The search warrant identified events related to the petitioner from 1993 to 2006. The search warrant, issued on April 30, 2007, identified items related to drug trafficking by the Crips that would be found at Roach's residence. The affidavit in support of the search warrant concluded that Roach lived at his girlfriend's residence, based on "investigations, which included checking for utilities information, driver's license records, real estate records, Wichita Police Department records, tax records, social security records, US Postal Service records, interviews and/or surveillance."

1

A United States Magistrate Judge issued a warrant, and police searched the residence on May 1, 2007. Petitioner, his girlfriend, and her son were at the residence at the time of the search. Officers found a plastic bag of crack cocaine, $108 in cash, and a slip of paper with petitioner's name on it located on a closet shelf. On the same shelf, officers found a loaded 9-millimeter semiautomatic handgun. Officers also found numerous items which contained Roach's name and a different address. In other areas of the house, officers located Ziploc bags, digital scales, a bag of marijuana, a razorblade, an empty 9 millimeter ammunition box, rubber gloves, and some 9-millimeter and .380 ammunition in a carrier.

Roach was arrested and indicted on five counts: (1) possession of a firearm by a person previously convicted of a felony, in violation of 18 U.S.C. § § 922(g)(1) and 924(a)(2); (2) possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § § 922(k) and 924(a)(2); (3) possession with intent to distribute 2.03 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); (4) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (5) possession of ammunition by a person previously convicted of a felony, in violation of 18 U.S.C. § § 922 (g)(1) and 924(a)(2).

Roach filed a motion to suppress, arguing the warrant did not provided probable cause to conclude that he was an active member of the Crips or that he resided at that residence. Roach also filed a motion in limine seeking to prevent the government from presenting a Wichita Police Department detective from testifying as an expert witness on gang activity. The court denied both motions. Roach was found guilty by a jury of all five counts.

II. Direct Appeal

Roach filed a direct appeal, arguing that the district court erred in denying his suppression motion, denying his motion for judgment of acquittal based on insufficient evidence, and admitting the expert testimony. Roach argued on direct appeal that the affidavit in support of the search warrant was insufficient in that it relied on outdated and stale evidence of Roach's connection to the Crips, and it failed to provide a nexus between Roach and his girlfriend's residence. The Tenth Circuit agreed, finding that the dated evidence of Roach's involvement in gang crimes was insufficient to set forth probable cause to search the residence, and there was an insufficient basis to believe that he resided at the searched premises. However, the Tenth Circuit upheld the district court, finding that the officers executing the warrant relied in good faith upon the magistrate's authorization. Id. at 1204. The Tenth Circuit further found the circumstantial evidence was sufficient to show that Roach was in constructive possession of the gun, the ammunition, and the drugs. Id. at 1206. The Tenth Circuit also found that there was sufficient evidence to support the conviction for possession of crack cocaine with the intent to distribute. Id. Finally, the Tenth Circuit found that the district court erroneously admitted Officer Miller's testimony without the required findings of reliability. Id. at 1207. However, the Court found the error harmless. Id. at 1208. The Tenth Circuit affirmed Roach's conviction.

III. Petitioner's Section 2255 Motion

Petitioner raises three issues in his motion to vacate or set aside his conviction. First, petitioner argues that the good faith exception to the warrant requirement is unconstitutional. Second, petitioner argues that his attorney was ineffective for failing to request a hearing in accord with Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674 (1978). Third, petitioner argues that the Fair Sentencing Act of 2010 should be applied retroactively. The Government

3

responded, arguing that the good faith exception is well established law, his attorney was not ineffective for failing to file a motion for a Franks hearing, and the Fair Sentencing Act of 2010 is not retroactive. The Government also argues that since the petitioner was sentenced as a career offender, the Fair Sentencing Act of 2010 does not affect the petitioner's sentence.

IV.  Discussion

a.  Good Faith Exception

Petitioner argues that the good faith exception to the warrant requirement is unconstitutional. Petitioner argues that the affidavit in support of the warrant did not connect the petitioner with any unlawful activity, it did not connect the petitioner with the place to be searched, and did not provide any connection of the place to be searched with any illegal or unlawful activity. Therefore, the good faith exception is unconstitutional because it's application allows the Government to use evidence discovered in an unlawful or insufficient warrant.

The Government argues that the petitioner raised this issue on direct appeal, and therefore is procedurally barred from raising it on collateral attack. Absent an intervening change in the law, "[A]n issue disposed of on direct appeal will generally not be reconsidered on a collateral attack by a motion pursuant to 28 U.S.C. § 2255." United States v. Nolan, 571 F.2d 528, 530 (10th Cir. 1978). Petitioner makes an argument that the affidavit in support of the warrant did not connect the petitioner with the place to be searched, did not connect the petitioner with any unlawful activity, and did not provide any connection of the place to be searched with any illegal or unlawful activity. These arguments were addressed by the Tenth Circuit on direct appeal, and will not be litigated again on collateral review. See United States v.

4

Alvarez, 142 F.3d 1243, (10th Cir. 1998) (when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case, citing United States v. Monsisvais, 946 F.2d 114, 115 (10th Cir. 1991).

To the effect that petitioner tries to raise a new argument, that the good faith exception is unconstitutional, that argument is also procedurally barred. Issues not raised on direct appeal are barred in a subsequent section 2255 motion, unless the petitioner can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." United States v. Allen, 16 F.3D 377, 378 (10th Cir. 1994). The Tenth Circuit found that one way a petitioner can show cause for a procedural default is when the argument is based on ineffective assistance of counsel. See United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993). However, petitioner's claim that the good faith exception to is unconstitutional is not related to his separate claim of ineffective assistance of counsel. Petitioner has not set forth any facts for the court to find prejudice from alleged errors, or a fundamental miscarriage of justice.

Even if petitioner could state a basis for the court to consider the issue, the argument does not survive analysis. The Supreme Court ruled that when officers rely on a warrant in objective good faith, evidence is admissible under an exception to the exclusionary rule. United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Under Leon, evidence "should be suppressed only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment." United States v. Otero, 563 F.3d 1127, 1133-34 (10th Cir. 2009). The Supreme Court and the Tenth Circuit have consistently upheld the constitutionality of the exclusionary

rule and the good faith exception. See Herring v. United States, 555 U.S. 135, 129 S.Ct. 695 (2009); United States v. Tuter, 240 F.3d 1292, 1300 (10th Cir. 2001); United States v. Danhauer, 229 F.3d 1002, 1007 (10th Cir. 2000). Petitioner has not set forth an argument upon which this court can find that the good faith exception is unconstitutional. Furthermore, this argument is in direct contention with well established Supreme Court and Tenth Circuit precedent. The petitioner's claim for relief that the good faith exception is unconstitutional is denied.

b. Ineffective Assistance of Counsel

Petitioner next argues that his attorney was ineffective for failing to request a Franks hearing to show that the officer's statements in the search warrant affidavit were false and designed to trick the magistrate into authorizing a general and unconstitutional fishing expedition. Petitioner argues that the affidavit in support of the search warrant contained false statements by the officers.

To establish a claim for ineffective assistance of counsel, petitioner must show that his counsel's performance was deficient and the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish the first prong, the petitioner can show that counsel performed below the level expected from a reasonably competent attorney in a criminal case. Id. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. 688. The court must judge counsel's performance on the facts of the particular case. Id. at 690. To establish the second prong, the petitioner must show that the deficient performance prejudiced the defense to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

6

proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Petitioner argues that a Franks hearing was warranted based on two reasons: (1) the Wichita Police Department had verified that 144 N. Minneapolis was petitioner's address by checking utilities information, driver's license records, real estate records, Wichita Police Department records, tax records, social security records, United States Postal Service records, interviews and surveillance. However, petitioner informed his attorney that there was no record that he resided at 144 Minneapolis. (2) A Franks hearing was necessary to show the police statement that the address was verified was made knowingly and intentionally to mislead the magistrate into approving an unconstitutional fishing expedition. Therefore, petitioner argues, based on this evidence, the failure of the petitioner's attorney fell well below any objective standard of reasonableness.

In Franks, the Supreme Court stated:

"There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained....If, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing."

A district court is not required to hold a hearing on the sufficiency of an affidavit unless the defendant makes a "substantial showing that a false statement knowingly and intentionally,

or with reckless disregard for the truth, was included by the affiant" and "the allegedly false statement was necessary to the finding of probable cause." Franks at 155-56.

The court should consider whether the defendant provides support for the allegations, which may be done by presenting affidavits of witnesses or other credible information. United States v. Artez, 389 F.3d 1106, 1116 (10th Cir. 2004). The court should next consider whether the remaining content of the affidavit is sufficient to support a finding of probable cause, if the challenged portions are removed. Id. Petitioner attempts to sets forth an argument to show the information was not honest or truthful. However, petitioner has not presented any evidence or facts to show that the information was false. Petitioner makes the bare assertion that the use of incorrect information in the affidavit was knowing and intentional, but does not support that statement with a factual basis. In cases in which the Tenth Circuit have found that there was false information in the affidavit, the warrant was still upheld, unless the defendant could show that the affiant knowingly falsified the affidavit or recklessly disregarded the truth. See United States v. Owens, 882 F.2d 1493, 1499 (10th Cir. 1989). Petitioner has not made this showing.

Petitioner has not made a showing that there was incorrect information in the affidavit, or that any incorrect information was included knowingly and intentionally. Petitioner identifies statements in the affidavit that he claims are false, but he does not provide supporting facts to show why or how the statements are false. Instead, he makes bare assertions and expects the court to take them at face value. Nor has he shown that a reasonable competent attorney would have filed a motion making such a challenge. Petitioner has not shown he was entitled to a Franks hearing.

Furthermore, even if petitioner had set forth facts sufficient to show he was entitled to a

Franks hearing, he has not shown that he likely would have succeeded and that the results of his case would be different. Even if the court were to accept at face value that his counsel's performance was deficient, petitioner cannot show counsel's performance was prejudicial. Petitioner's claim of ineffective assistance of counsel is denied.

c. Fair Sentencing Act of 2010

Petitioner argues the court should retroactively apply the Fair Sentencing Act of 2010 to his sentence. The Government argues that the Fair Sentencing Act is not retroactive, and even if it was, it would not apply to the petitioner as he was sentenced as a career offender.

The Tenth Circuit has determined that the Fair Sentencing Act of 2010 is not retroactive. United States v. Lewis, 625 F.3d 1224, 1228 (10th Cir. 2010). Furthermore, the Government correctly points out that petitioner was sentenced as a career offender, pursuant to U.S.S.G. § 4B1.1. The Fair Sentencing Act does not affect the sentence of a offender sentenced under the career offender provision. See United States v. Hall, 2010 WL 4561363 at 3 (9th Cir. 2010). Although the Tenth Circuit has not addressed the specific issue whether the Fair Sentencing Act affects the sentence of a career offender, the Tenth Circuit has found that Amendment 706 did not apply to the sentence of a career offender. Amendment 706 modified the Drug Quantity Table contained in U.S.S.G. § 2D1.1(c) downward two levels for crack cocaine. Although Amendment 706 was retroactive, the Circuit held it did not apply to cases in which a defendant was sentenced as a career offender. See United States v. Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008). In this case, petitioner's sentence was based on his offense level set forth in U.S.S.G. § 4B1.1, not an offense level set forth in U.S.S.G. § 2D1.1. Therefore, his guideline range is not affected by the Fair Sentencing Act.

V.  Conclusion

IT IS THEREFORE ORDERED that petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 79) is denied.

IT IS FURTHER ORDERED that a Certificate of Appealability under the provisions of 28 U.S.C. § 2253 be DENIED.

IT IS SO ORDERED this 13th day of April, 2011.

      s/ Wesley E. Brown
Wesley E. Brown
Senior United States District Court Judge